UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TIFFANY B., | Case No. 6:20-cv-00184-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

Plaintiff Tiffany B.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. § 1383(c)(3). All parties in this case

---

[1] To preserve privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

Page 1 – OPINION AND ORDER

have consented to jurisdiction by Magistrate Judge in accordance with 28 U.S.C. § 636(c). For the reasons set forth below, the Commissioner's final decision is AFFIRMED.

*Procedural Background*

Plaintiff protectively filed for SSI on February 7, 2017, alleging disability beginning March 10, 2016, due to depression, post-concussion syndrome, chronic pain, degenerative disk disease, posttraumatic stress disorder ("PTSD"), attention deficit hyperactivity disorder ("ADHD"), and anxiety. Tr. Soc. Sec. Admin. R. ("Tr.") at 106, ECF No. 15. Plaintiff's date last insured ("DLI") for benefits was September 30, 2012. Tr. 445. Her application was initially denied on June 22, 2017, and upon reconsideration on September 19, 2017. Tr. 106. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on January 30, 2019. Tr. 127–61. After receiving testimony from Plaintiff and a vocational expert, the ALJ issued a decision on February 21, 2019, finding plaintiff not disabled within the meaning of the Act. Tr. 106–19. The Appeals Council denied Plaintiff's request for review on December 6, 2019. Tr. 1–7. Therefore, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 20 C.F.R. § 416.1481.

Plaintiff was born on May 7, 1977, was thirty-nine on her alleged onset date, and forty-two on the date of the ALJ's decision. Tr. 118, 163. Plaintiff has at least a high school education and has no past relevant work. Tr. 118.

*The ALJ's Decision*

At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful employment since February 7, 2017, the application date. Tr. 108. At step two, the ALJ determined that Plaintiff has the following severe impairments: cervical degenerative disc disease, anxiety disorder, PTSD, personality disorder, somatic symptom disorder NOS, bipolar

Page 2  – OPINION AND ORDER

disorder, ADHD, and post-concussion syndrome. Tr. 108. At step three, the ALJ determined that Plaintiff's severe impairments, singly or in combination, do not meet or equal the listing criteria of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926) and the criteria of listings 12.04, 12.06, 12.07, 12.08, 12.11, and 12.15. Tr. 108–9.

The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) except: occasional overhead reaching bilaterally; occasional climbing ramps or stairs; no climbing ladders, ropes, or scaffolds; simple, routine tasks with a reasoning level of two or less; simple work-related decisions; and occasional interaction with others. Tr. 110. At step four, the ALJ determined that Plaintiff has no past relevant work. Tr. 118. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform, including such relevant occupations as collator operator; inserting machine operator; and assembler, small products II. Tr. 118–19. Accordingly, the ALJ found that Plaintiff was not disabled under the Act and denied her application for disability benefits. Tr. 119.

## Issues for Review

Plaintiff asserts the ALJ made two errors: (1) improperly rejected Plaintiff's subjective symptom testimony; and (2) improperly rejected the opinions of Plaintiff's treating doctor, the agency doctor, and treating Licensed Professional Counselor. (Pl.'s Br., ECF No. 23, at 4, 14.) The Commissioner argues the ALJ's decision is supported by substantial evidence and is free of legal error. (Def.'s Br., ECF No. 24, at 1–11.)

## Standard of Review

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42

Page 3 – OPINION AND ORDER

U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation and citation omitted); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020); *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Trevizo*, 871 F.3d at 675; *Garrison*, 759 F.3d at 1009. "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

*Discussion*

I.  The ALJ Did Not Err in Evaluating Plaintiff's Subjective Symptom Testimony

   *A.   Standards*

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The proffered reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility

Page 4 – OPINION AND ORDER

finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, available at 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," but instead requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

B.  *Analysis*

Here, the ALJ did not identify evidence of malingering and found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." Tr. 112. However, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 112. In particular, the ALJ cited the medical record and other evidence to support the decision. Plaintiff argues the ALJ failed to identify clear and convincing reasons for discounting her subjective symptom testimony. (Pl.'s Br. at 14–20.) The court disagrees.

/ / / / /

/ / / / /

Page 5 – OPINION AND ORDER

1.  Objective medical evidence

"An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F. 3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (holding the reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony."). Additionally, although lack of supporting medical evidence cannot form the sole basis for discounting subjective pain testimony, it is a factor the ALJ can consider. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

In the decision, the ALJ noted Plaintiff's complaints of depression, post-concussive syndrome, chronic pain, degenerative disc disease, PTSD, ADHD, and anxiety, adding that since 2017, she has experienced exacerbation of dizziness when looking down. Tr. 110. After careful consideration of the evidence, the ALJ determined the "evidence of record does not show her level of functioning is as fully limiting as alleged, and the objective medical findings are not generally consistent with the degree of impairment asserted by the claimant." Tr. 112. In support of that finding, the ALJ cited extensively to the medical record. Regarding Plaintiff's alleged degenerative disc disease, the ALJ notes "[i]maging documented only mild degenerative disc disease and spondylosis at C4-5, C5-6, and C6-7, with a small posterior central and right paracentral disc protrusion at C5-6 without significant central stenosis and only mild right neural foraminal narrowing at this level[]." Tr. 113 (citing Tr. 1015–20, 1089, 1126,1146–48). The ALJ further noted:

Page 6 – OPINION AND ORDER

>imaging showed only mild lumbosacral degenerative disc disease and spondylosis that did not explain her complaints, and electromyography and nerve conduction studies in June 2015 were essentially normal[].  Repeat thoracic spine imaging in March 2018 showed no significant degenerative change, and x-ray of the SI joints in June 2018 showed only mild bilateral sacroiliac osteoarthrosis[].  Similarly, x-ray of the claimant's left knee and left shoulder were unremarkable[].

Tr. 114 (citing Tr. 593, 606, 1000–04, 619–20, 738–40, 1381–82, 1385–87).  As to Plaintiff's alleged chronic pain, the ALJ noted the physical examination findings do not support the Plaintiff's alleged level of pain.  Specifically, the ALJ stated the Plaintiff "has been noted for some decreased cervical and lumbar spine range of motion, and some muscle spasm (not persistent), but otherwise demonstrates normal gait, normal strength in the upper and lower extremities, negative straight leg raising, and the ability to ambulate with little problem."  Tr. 115 (citing Tr. 1015–20, 1074–75, 1093, 1100, 1165–66, 1264–78, 1365–66).

Regarding Plaintiff's alleged mental impairments, the ALJ noted Plaintiff's record showing a history of depression, anxiety, ADHD, and PTSD due to trauma from childhood abuse, homelessness, poor family relationships, and her boyfriend's suicide in 2015.  The ALJ also acknowledged Plaintiff's reports of nightmares, avoidance of triggers, difficulty sleeping, difficulty concentrating, feeling fatigued most of the time, being on guard and easily startled, and having extreme difficulty interpersonally due to difficulty trusting people.  Tr. 115.  However, the ALJ observed that Plaintiff's "mental status examinations are largely within normal limits[]."  Tr. 115 (citing Tr. 1338), and also stated that although Plaintiff "has been noted for some tearfulness and reported some anger and suicidal ideation, the record documents improved symptoms with mental health therapy."  Tr. 115.

>With respect to Plaintiff's ADHD, the ALJ notes that she
>
>obtained great benefit with marked improvement in ADHD from treatment with Dr. Fleischman in 2014[].  In September 2017, she told Dr. Fleischman she was taking

Page 7 – OPINION AND ORDER

> Wellbutrin, stating she experiences feeling irritable and grumpy, but only rarely feels angry or aggressive. Based on mini-tests and the claimant's current symptom reports, Dr. Fleischman asserted the claimant has marked cognitive impairment of attention/focus and processing speed, but otherwise good intellectual ability.

Tr. 116 (citing Tr. 1309–12). The ALJ notes Dr. Fleischman's assessment of reduced attention/focus and processing speed is consistent with finding the Plaintiff is limited to simple, routine tasks, and making simple work-related decisions, which is reflected in the limitations the ALJ set forth in Plaintiff's RFC. Tr. 116. Therefore, the court concludes the ALJ's first rationale provides a specific, clear, and convincing reason for discounting Plaintiff's subjective symptom testimony.

### 2. Other evidence

"Other evidence" includes: the claimant's hearing testimony and any other information the claimant provides regarding symptoms at any step of the administrative process. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, at *6-9. "Other evidence" factors are identified in the regulations as a single list that includes three primary domains: claimant's activities of daily living ("ADLs"); claimant's reported descriptions of symptoms; and claimant's treatment history. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii).

#### a. Activities of daily living

An ALJ may invoke ADLs in the context of discrediting subjective symptom testimony to (1) illustrate a contradiction in previous testimony, or (2) demonstrate that the activities meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The ALJ recognized Plaintiff's extensive descriptions about her symptoms and how they affect her daily activities, explaining she had difficulty organizing her thoughts and simplifying her responses because of her compulsive tendencies. Tr. 111 (citing Tr. 481–500, 551–57, 561).

Page 8 – OPINION AND ORDER

The ALJ further noted Plaintiff's reports of "disturbed sleep, pain/discomfort, low energy, exhaustion, and being easily overwhelmed." Tr. 111. The ALJ contrasted all these complaints with her report that she

> lives alone and is independent with personal care, with adjustments per her symptoms as needed, prepares simple meals, household chores in short spurts and depending on her symptoms, drives, goes shopping for basics/necessities, and manages her own money. She also noted that she spends time taking short walks with her dog, watching TV/movies, taking baths for relaxation daily, using Facebook, and journaling.

Tr. 111. The ALJ elaborated further stating the Plaintiff's "own activities are inconsistent with the degree of impairment she alleges." Tr. 112. Specifically, the ALJ noted

> the claimant lives alone and her activities of daily living include managing her own personal care and household, taking walks with her dog daily, driving (including driving to Portland three times and Ashland twice in early 2018), working part-time doing childcare, driving, using a smart phone and various apps to managing her daily tasks, riding her bicycle for transportation when she did not have a car available, going to the gym, attending regular appointments (counseling, physical therapy, massage, etc.), and engaging in pleasurable/relaxing activities such as gardening and taking baths[].

Tr. 112 (citing Tr. 550, 563, 481–500, 551–557, 561).

The ALJ reasonably used plaintiff's ADLs to identify contradictions in her testimony and on this basis reasonably rejected Plaintiff's symptom testimony. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (contradictory statements are a clear and convincing reason to reject symptom testimony). In sum, the ALJ's interpretation was reasonable and the ALJ made the requisite specific findings to reject Plaintiff's subjective symptom testimony. Furthermore, the ALJ's reasoning is supported by substantial evidence in the record. *See* Tr. 481–500, 550–557, 561, 563, 593, 606, 619–20, 738–40, 1000–04, 1015–20, 1074–75, 1089, 1093, 1100, 1126, 1146–48, 1165–66, 1264–78, 1365–66, 1381–82, 1385–87. Because the ALJ's findings are supported, they must be upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir.

Page 9 – OPINION AND ORDER

2004) (holding if evidence exists to support more than one rational interpretation, the court is bound to uphold the ALJ's findings).

III.     The ALJ Did Not Err in Evaluating Medical Evidence

    *A.     Standards – Medical Opinions*

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008). In general, the opinion of a treating physician is given more weight than the opinion of an examining physician, and the opinion of an examining physician is afforded more weight than the opinion of a nonexamining physician. Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014); Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); 20 C.F.R. § 416.927. "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." Orn, 495 F.3d at 631 (internal quotations omitted) (alterations in original); Trevizo, 871 F.3d at 675 (same); 20 C.F.R. § 416.927(c).[2] "When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship,

---

[2] The court notes that for all claims filed on or after March 27, 2017, the regulations set forth in 20 C.F.R. §§ 404.1520c, 416.920c (not §§ 404.1527, 416.927) govern. The new regulations provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. §§ 404.1520c, 416.920c. Thus, the new regulations eliminate the term "treating source," as well as what is customarily known as the treating source or treating physician rule. See 20 C.F.R. §§ 404.1520c, 416.920c. In this case, Plaintiff filed her claim for benefits on February 7, 2017, well before March 27, 2017. See 20 C.F.R. § 404.614 (defining when an application for benefits is considered filed). Here, the court analyzes Plaintiff's claim utilizing § 416.927 (providing the rules for evaluating opinion evidence for claims filed prior to March 27, 2017).

supportability, consistency with the record, and specialization of the physician." *Trevizo*, 871 F.3d at 675; 20 C.F.R. § 416.927(c)(2)-(6).

To reject the uncontroverted opinion of a treating or examining physician, the ALJ must present clear and convincing reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. *Ford*, 950 F.3d at 1154-55. To meet this burden, the ALJ must set out a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). When evaluating conflicting opinions, an ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

B.  Analysis

Plaintiff argues the ALJ erred in evaluating the opinions of treating physician Kenna M. Wood, D.O. and agency doctor Lloyd H. Wiggins, M.D. (Pl.'s Br. at 4–14.) Plaintiff argues the opinion of Dr. Wood and Dr. Wiggins should be credited as true. The court disagrees.

1.  Kenna M. Wood, D.O.

In January 2019, Dr. Wood prepared a treating source statement in which she assessed Plaintiff as capable of light exertional activities with the ability to change positions, but with the need to take unscheduled breaks from visual activities every twenty minutes, only twenty percent use of her hands and arms, with ten percent use of her fingers, and unable to maintain a regular work schedule because she would be absent from work more than four days per month. Tr. 115 (citing Tr. 1603–07). The ALJ gave less weight to Dr. Wood's opinion, supporting this determination by noting Dr. Wood had "not provided sufficient objective evidence to support these

Page 11  – OPINION AND ORDER

opinions, which appear to reflect the claimant's subjective reports, and are not consistent with the record as a whole, including the claimant's own reported activities." Tr. 115. As previously explained, the ALJ properly discounted Plaintiff's subject symptom testimony; therefore, giving less weight to an opinion that relies on said testimony is a specific and legitimate reason. Thus, the weight the ALJ gave to Dr. Wood's opinion is supported by substantial evidence.

   2.  Lloyd H. Wiggins, M.D.

In September 2017, Dr. Wiggins, the state agency consultant, prepared an assessment. Tr. 117. The ALJ noted the assessment is generally consistent with the limitations set forth in the RFC; however, the ALJ noted "the evidence does not support a finding that exposure to hazards is needed, and shows that while limited social interaction is warranted, the evidence does not support a finding she requires no public contact, considering that she is able to engage in various activities around others without significant problems." Tr. 117 (citing Tr. 179–99). Again, because the ALJ properly discounted Plaintiff's subject symptom testimony, giving less weight to an opinion that relies on said testimony is a specific and legitimate reason. Thus, the weight the ALJ gave to Dr. Wood's opinion is supported by substantial evidence.

  C.  *Standards – Other Sources*

The opinion of therapists, such as Ms. Bear, usually qualify as "other" medical sources. *See Haagenson v. Colvin*, 656 F. App'x 800, 802 (9th Cir. 2016) (providing that counselor is an "other" medical source and that regulations presume counselors are non-acceptable medical sources). ALJs may typically discount other medical sources' opinions if they provide "germane reasons for doing so." *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015) (internal quotation and citation omitted); *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (providing that ALJ may discount opinion from an "other source" by identifying "reasons germane to each witness for

doing so") (internal quotation and citation omitted). Additionally, the ALJ must consider the factors set forth in 20 C.F.R. § 416.927(c) when evaluating the other sources' opinions. *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (providing ALJ must consider factors in § 404.1527(c), including nature and extent of treating relationship, supportability, and consistency with the record).

>    D.    Analysis

>       1.    Patricia Bear, LPC

The record shows Plaintiff has received long-term mental health therapy for PTSD from Ms. Bear since approximately February 2015. *See* Tr. 742– 919, 920– 36, 937– 55, 1039– 1127, 956–997,1021–38, 1201–18, 1244–63, 1285–1303, 1302–08, 1389–1518, 1543–84. In considering the treatment observations Ms. Bear made, the ALJ found her statements "difficult to accept, as they are not consistent with the examination findings of record." Tr. 116. In support of his assessment, the ALJ explained

> First, in August 2017, Ms. Bear rated mild to extreme impairment in understanding, remembering, and carrying out (noting extreme difficulty holding large amounts of information in mind and understanding how all the information needs to be considered in making a decision/carrying out a task), and mostly moderate impairment in interacting appropriately with others (noting that social skills are present in well-structured and well-understood settings, but skills are impaired in situations with hierarchy, subtle social cues, stressful situations, and when boundaries are not understood)[]. In her January 2019 statement, Ms. Bear described the claimant as highly emotive, sometimes loudly crying or yelling, and often fidgety/restless, and noting that she reports frustration in communicating with others and often feeling triggered, confused, and disorganized[]. While she noted the claimant can sometimes respond appropriately, she added that stress decreases this ability. She further noted that the claimant has difficulty organizing and maintaining routines, and reports difficulty maintaining a schedule. Ms. Bear assessed the claimant as having mild impairment in simple instructions, moderate in making simple decisions, and moderate to marked impairment in interacting appropriately. Finally, Ms. Bear noted the claimant's, psychiatric problems would result in absence more than four days per month. In preparing this report, Ms. Bear repeatedly made clear that she was reciting the claimant's own reports. In contrast,

> Ms. Bear's counseling records reflect generally consistent mental status findings within normal limits, with observations at times of sad or anxious/angry mood, and at times tearful or agitated affect. In her chart notes, Ms. Bear notes good progress and good prognosis. The claimant is consistently described as cooperative and attends appointments regularly, and she does not cite observations of yelling or crying loudly, or motor function disorganization or fidgeting.

Tr. 116 (citing 1279–84, 1649–54). Based on this review of Ms. Bear's opinion, the ALJ noted the difficulty accepting Ms. Bear's assessment that Plaintiff as doing functionally worse over time despite ongoing therapy. Tr. 116. The ALJ elaborated, stating Ms. Bear's "statements are also not consistent with the evidence showing the claimant's symptoms are stable with Wellbutrin, and her ADHD is controlled with Vyvance." Tr. 117 (citing Tr. 1195–96, 1378–79). The ALJ contrasted Ms. Bear's statements with record evidence that shows Plaintiff's mental symptoms are not at a level that would keep her from sustaining fulltime work (Tr. 116–117), and thus gave less weight to Ms. Bear's treating source statements. Tr. 117 (citing Tr. 1279–84, 1649–54). The ALJ further noted Ms. Bear's longstanding treatment relationship with the Plaintiff, which, although this "may outweigh that she is not an acceptable medical source as defined by the regulations," nonetheless "her opinions are not fully consistent with her own treatment records." Tr. 117.

*Conclusion*

Based on the foregoing, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 27th day of December, 2021.

_____
JOHN V. ACOSTA
United States Magistrate Judge